**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 2 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON BLACHER, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> B. DIEBALL, Correctional Sergeant, individually and in his official capacity; ELVIN VALENZUELA, Warden, individually and in his official capacity, <br><br>         Defendants-Appellees. | No. 16-56667 <br><br> D.C. No. 2:14-cv-07985-GW-AGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted October 23, 2017[**]

Before:     LEAVY, WATFORD, and FRIEDLAND, Circuit Judges.

Marlon Blacher, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional

violations related to an administrative rule violation.  We have jurisdiction under

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We may affirm on any basis supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm.

The district court properly dismissed Blacher's due process claim against defendant Dieball because Blacher failed to allege facts sufficient to show a protected liberty interest or "atypical and significant hardship." *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995) (a prisoner has no protected liberty interest when the sanction imposed neither extends the length of his sentence nor imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003) (due process procedural protections "adhere only when the disciplinary action implicates a protected liberty interest").

Dismissal of Blacher's First Amendment retaliation claim was proper because Blacher failed to allege facts sufficient to show that Dieball's actions did not advance legitimate goals of the correctional institution. *See Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012) (setting forth elements of a First Amendment retaliation claim in the prison context).

The district court properly dismissed Blacher's Eighth Amendment claim because Blacher failed to allege facts sufficient to show that Dieball acted with deliberate indifference to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (a prison official is deliberately indifferent only if he "knows of and disregards an excessive risk to inmate health or safety").

The district court properly dismissed Blacher's equal protection claim because Blacher failed to allege facts sufficient to show that Dieball discriminated against him based on his race. *See Hartmann v. Cal. Dep't of Corrs. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013) ("To prevail on an Equal Protection claim brought under § 1983, [plaintiff] must allege facts plausibly showing that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." (citations and internal quotation marks omitted)).

The district court properly dismissed Blacher's due process claim against defendant Valenzuela because Blacher failed to allege facts sufficient to show a protected liberty interest. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Dismissal of Blacher's "conflict of interests" claim was proper because Blacher failed to allege facts sufficient to state any plausible claim for relief. *See Hebbe*, 627 F.3d at 341-42 (although pro se pleadings are liberally construed, a plaintiff must allege facts sufficient to state a plausible claim).

The district court properly dismissed Blacher's claim that the punishment constituted double jeopardy. *See United States v. Brown*, 59 F.3d 102, 104 (explaining that double jeopardy does not attach to prison disciplinary proceedings).

The district court properly dismissed Blacher's claim that the punishment constituted slavery or involuntary servitude. *See Draper v. Rhay*, 315 F.2d 193, 197 (9th Cir. 1963) ("There is no federally protected right of a state prisoner not to work while imprisoned after conviction.").

We reject as meritless Blacher's contentions that the district court failed to use Blacher's correct legal name, his habeas petition is protected by copyright, and defendants were required to respond to his "Affidavit of Corporate Denial."

We do not consider Blacher's contentions regarding the district court's denial of his various motions because they are not supported by argument. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993).

4

We do not consider arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**